**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonardo GOMEZ–MORALES,**
**Defendant–Appellant.**

No. 03–41665. .

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 23, 2004.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

---

Mark Michael Dowd, Brownsville, TX, Reynaldo Santos Cantu, Jr., Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE and GARZA, Circuit Judges.

PER CURIAM:[*]

Leonardo Gomez–Morales appeals his conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by being found in the United States, without permission, following both his conviction for an aggravated felony and subsequent deportation.

Gomez–Morales argues that the district court erred in considering his prior, uncounseled misdemeanor conviction of aiding and abetting an illegal alien in assessing his criminal history points. He contends that his waiver of the right to counsel in that case was invalid because the district court failed to inform him that an indigent defendant is entitled to court appointed counsel free of charge. Gomez–Morales has not met his burden of showing that the waiver of counsel was invalid. *See Iowa v. Tovar,* 541 U.S. 77, 124 S.Ct. 1379, 1390, 158 L.Ed.2d 209 (2004).

Gomez–Morales also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision. Gomez–Morales acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). He seeks to preserve his argument for further review in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.